No. 66539.—M. Tarlow and W. J. Byrnes & Co. of N.Y., Inc. *v.* United States, protest 59/17202 (New York).

Wilson, Judge: This suit has been submitted for decision on the following agreement between counsel for the respective parties:

Mr. Honey: If the court please, I offer to stipulate with Government counsel that the merchandise described on invoice No. 2 in the entry as "2 cases white lamb head plates; 2 cases white lamb leg plates; 1 case white lamb plates, white ear plates, white head plates," and assessed with duty at 35 percent ad valorem, consists of merchandise the same in all material respects as the lambskin plates the subject of *A. S. Gold & Bros., Inc.* v. *United States*, C.D. 1643, or *Prime Fur Corp.* v. *United States*, C.D. 1802, and therein held to be free of duty under paragraph 1681; that following the original liquidation of the entry a timely protest was filed against the assessment of duties at 35 percent ad valorem on lambskin plates, and thereafter the protest was submitted on a stipulation to the effect that the items marked "L" and initialed by the examiner consisted of lambskin plates similar in all material respects to those the subject of *A. S. Gold & Bros., Inc.* v. *United States*, C.D. 1643, or *Prime Fur Corp.* v. *United States*, C.D. 1802; that through inadvertence the examiner failed to mark with the letter "L" and initial the said lambskin plates described on invoice No. 2 in the entry; that thereafter the court held in a decision recorded in Abstract 61027 that the merchandise so marked was properly free of duty under paragraph 1681, and the Collector of Customs reliquidated the entry in accordance with said decision and judgment of the court; that no allowance of duties was made in the reliquidation of the entry for the said lambskin plates described on invoice No. 2 in the entry since they were not marked as aforesaid and were therefore not included within said decision and judgment of the court; that said protest against reliquidation relates only to said lambskin plates on invoice No. 2 on the entry.

Miss Strum: * * * Therefore, the Government so stipulates.

On the agreed facts, we hold the merchandise, described on invoice No. 2 in the entry herein as "2 cases white lamb head plates; 2 cases white lamb leg plates; 1 case white lamb plates, white ear plates, white head plates," properly free of duty under paragraph 1681 of the Tariff Act of 1930, as plates of undressed lambskins, as claimed.

To the extent indicated, the protest is sustained. As to all other claims and all other merchandise, the protest is overruled. Judgment will issue accordingly.

MOLLISON, Judge: The reliquidation of the entry against which this protest is directed was the result of a decision and judgment of this court, reported in *Harry Schoenfeld and W. J. Byrnes & Co. of N.Y., Inc., et al.* v. *United States*, 39 Cust. Ct. 357, Abstract 61027. I dissented from that decision and judgment, and, for the reasons there stated, I dissent from the foregoing decision and the judgment now rendered in this case.